IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**CARLOSE D. ROBINSON,**

    **Plaintiff,**

**v.**                                                                 Civil Action No. 2:09cv102
                                                                    (Judge Maxwell)

**USP HAZELTON, et al.,**
    **Defendants.**

## REPORT AND RECOMMENDATION

On August 24, 2009, the *pro se* plaintiff filed a letter which was docketed as a <u>Bivens</u> complaint. Because the letter did no provide sufficient information for a preliminary review, the plaintiff was ordered to complete a form <u>Bivens</u> complaint. On September 4, 20009 the plaintiff complied with the order and filed the form complaint which alleges that he was the victim of excessive force by a correctional officer. In addition, he alleges that his rights were violated during the disciplinary hearing that followed the incident. Finally, he alleges that after spending ten months in the Special Housing Unit ("SHU"), he was again placed in the SHU as a form of retaliation to punish him and deny him proper access to the courts. As relief, the plaintiff seeks monetary damages and injunctive relief.

Currently pending before the court is the plaintiff's Motion for a Temporary Restraining Order and Preliminary Injunction. The plaintiff indicates that as a result of the actions of the defendants, he fears for his safety at USP Hazelton. In addition, the plaintiff alleges that the situation at USP Hazelton is causing him unbearable mental stress and anxiety as a direct result of the defendants' retaliation and being placed back in the SHU. The plaintiff seeks an order from this court removing

1

him from the custody of USP Hazelton and requiring the BOP to place him in FCI Edgefield, which is located in South Carolina, or USP Atlanta which is located in Georgia. In addition, the plaintiff seeks an order prohibiting the BOP from transferring him to a prison which is further away from his family in Greenville, South Carolina. He also seeks an order of protection against the defendants to prevent them from any retaliation against him in the form of harassment, tampering with mail, losing or destroying his property, unwarranted transfers, continued unwarranted placement in the SHU, and unwarranted disciplinary action. He also seeks an order requiring the BOP and USP Hazelton to provide this Court and the United States Attorney's Office with reports, photos, memos, stationary and mobile security footage of the actions of defendant Shultz on April 20, 2008 which underlie his complaint. Finally, he requests that the court order the United States District Attorney's Office to conduct a criminal investigation into the crimes he alleges were committed against for prosecution according to the law.

## I. ANALYSIS

The Supreme Court of the United States explained the relevant test for granting a preliminary injunction in Winter v. Natural Resources Defense Council, Inc., 129 S.Ct. 365, 374-76 (1008). A plaintiff must establish "(1) that he is likely to succeed on the merits, (2) that he is likely to suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tips in his favor, and (4) that an injunction is in the public interest." See also Real Truth About Obama, Inc.v. Federal Election Comm'n, 575 F.3d 342 (4th Cir. 2009).

Without specifically addressing the other factors, the plaintiff's claim for a preliminary injunction clearly fails to satisfy the first factor because the plaintiff cannot succeed on the merits of any requests for injunctive relief.

2

The pertinent statutes relevant to the plaintiff's request for an order regarding transfer are found at 18 U.S.C. § 3621(b) and 4081. Section 3621(b) states:

> The Bureau of Prisons shall designate the place of the prisoner's imprisonment. The Bureau may designate any available penal or correctional facility that meets minimum standards of health and habitability established by the Bureau, whether maintained by the Federal Government or otherwise and whether within or without the judicial district in which the person was convicted, that the Bureau determines to be appropriate.

Section 4081 states:

> The Federal penal and correctional institutions shall be so planned and limited in size as to facilitate the development of an integrated system which will assure the proper classification and segregation of Federal prisoners according to the nature of the offenses committed, the character and mental condition of the prisoners, and such other factors as should be considered in providing an individualized system of discipline, care, and treatment of the persons committed to such institutions.

These statutes provide the BOP with wide discretion to determine where to house a prisoner, and also to prevent prisoners from challenging their geographic designation within the BOP system. Moody v. Daggert, 429 U.S. 78, 87 n. 9, (1976) (stating that § 4081 provides the BOP with wide discretion and provides "no legitimate statutory or constitutional entitlement sufficient to invoke due process."); Trowell v. Bealer, 135 Fed. App'x 590, 595 (4th Cir. 2005).

Furthermore, "[i]t is well settled that the decision where to house inmates is at the core of prison administrators' expertise." McKune v. Lile, 536 U.S. 24, 40 (2002) (citing Meachum v. Fano, 427 U.S. 215, 225 (1976)). Changes "in a prisoner's location, variations of daily routine, changes in conditions of confinement (including administrative segregation), and the denial of privileges [are] matters which every prisoner can anticipate [and which] are contemplated by his original sentence to prison." Gatson v. Taylor, 946 F.2d 340, 343 (4th Cir. 1991). Accordingly, because an inmate has no

3

constitutional right to assignment to any particular prison, there is no probability that the plaintiff will succeed on the merits of his claim regarding transfer.

Furthermore, the plaintiff's request that an order be entered directing the BOP and USP Hazelton to provide this Court and the United States Attorney's Office with reports, photos, memos, stationary and mobile security footage of the actions of defendant Shultz on April 20, 2008 which underlie his complaint, is in the form of a request for discovery and not injunctive relief. To the extent that the court determines that discovery is appropriate, an order will be entered permitting the parties to engage in discovery after the defendants' answer has been filed.

Finally, as a private citizen, the plaintiff "has no judicially cognizable interest" in the criminal prosecution of another. Otero v. United States Attorney Gen., 832 F.2d 1141 (11th Cir. 1987) (citing Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973)); see also Cok v. Costentino, 876 F.2d 1, 2 (1st Cir. 1988) (a private citizen has no authority to initiate a criminal prosecution); Sattler v. Johnson, 857 F.2d 224, 226-27 (4th Cir. 1988) (private citizen has no constitutional right to have other citizens, including state actors, criminally prosecuted.) Thus, this court has no authority to order the United States Attorney to pursue criminal charges against the defendants.

## II. RECOMMENDATION

For the foregoing reasons, it is hereby RECOMMENDED that the plaintiff's Motion for a Temporary Restraining Order and Preliminary Injunction (Doc. 12) be **DENIED** and **DISMISSED**.

Within fourteen (14) days after being served with a copy of this report and recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of such objections should also be submitted to the Honorable Robert E. Maxwell, United States District Court.

Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation.  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk of the Court is directed to mail a copy of  of this Report and Recommendation to the *pro se* plaintiff by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.  The Clerk is further directed to provide a copy of this Report and Recommendation to any counsel of record as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Norther District of West Virginia

Dated: December 22, 2009

 /s/ James E. Seibert
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE