IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**CARLOSE D. ROBINSON,**

    **Plaintiff,**

v.                                                        Civil Action No. 2:09cv102

**USP HAZELTON,
FEDERAL BUREAU OF PRISONS,
N. SHULTZ, N. HOAGLAND, D. LOHR,
D. PETRISKO, J. DRIVER, J. CROSS,
KIM WHITE, HARLEY LAPPIN,
A. McCORMICK, and A. MOUSE,**

    **Defendants.**

## ORDER

On August 17, 2010, Magistrate Judge James E. Seibert filed his Report and Recommendation Following Remand ("R & R"), wherein the plaintiff was directed, in accordance with 28 U.S.C. § 636(b)(1), to file with the Clerk of Court any written objections within fourteen (14) days after being served with a copy of the Report and Recommendation. On August 27, 2010, the plaintiff filed his Objections to the Magistrate's Report and Recommendation Following Remand. Upon examination of the report from the Magistrate Judge, it appears to the Court that the issues raised by the plaintiff in his Complaint, brought pursuant to ***Bivens v. Six Unknown Agents of Fed. Bureau of Narcotics***, 403 U.S. 388 (1971), were thoroughly considered by Magistrate Judge Seibert in his R & R, as were the issues raised by the defendants in their Motion to Dismiss or, in the Alternative, Motion for Summary Judgment.

In his Complaint, the plaintiff alleges that he was attacked by an officer and denied

1

constitutional rights throughout disciplinary actions. Upon review of the plaintiff's objections, this Court finds that the plaintiff has not raised any issues that were not already throughly considered and addressed by the Magistrate Judge in his R & R. The plaintiff continues to argue in his objections that defendant N. Shultz maliciously and sadistically used excessive force intending to cause great bodily harm. As found by the Magistrate Judge in his R & R, the record before the Court does not present any evidence that defendant N. Shultz used force that was repugnant to the conscience, and only the plaintiff's bald assertion suggests otherwise.

The Court would, however, like to clarify the analysis used by the Magistrate Judge in evaluating plaintiff's excessive force claims against defendant N. Shultz. As noted by the Magistrate Judge, **Norman v. Taylor**, 25 F.3d 1259, 1262 (4th Cir. 1994) was overruled by the Supreme Court of the United States in **Wilkins v. Gaddy**, 130 S. Ct. 1175, 1178 (February 22, 2010). The Supreme Court in **Wilkins** stated:

> In giving decisive weight to the purportedly *de minimis* nature of Wilkins' injuries, the District Court relied on two Fourth Circuit cases. See **Riley**, 115 F.3d, at 1166-1168; **Taylor**, 155 F.3d, at 483-485. Those cases, in turn, were based upon the Fourth Circuit's earlier decision in **Norman v. Taylor**, 25 F.3d 1259 (1994) (*en banc*), which approved the practice of using injury as a proxy for force. According to the Fourth Circuit, **Hudson** "does not foreclose and indeed is consistent with [the] view ... that, absent the most extraordinary circumstances, a plaintiff cannot prevail on an Eighth Amendment excessive force claim if his injuries are *de minimis*." 25 F.3d at 1263.
>
> The Fourth Circuit's strained reading of **Hudson** is not defensible. This Court's decision did not, as the Fourth Circuit

2

would have it, merely serve to lower the injury threshold for excessive force claims from "significant" to "non-*de minimis*"– whatever those ill-defined terms might mean. Instead, the Court aimed to shift the "core judicial inquiry" from the <u>extent of the injury</u> to the <u>nature of the force</u>--specifically, whether it was nontrivial and "was applied ... maliciously and sadistically to cause harm." 503 U.S. at 7, 112 S.Ct. 995. To conclude, as the District Court did here, that the absence of "some arbitrary quantity of injury" requires automatic dismissal of an excessive force claim improperly bypasses this core inquiry. **Id.** at 9, 112 S.Ct. 995.

**Wilkins v. Gaddy**, — U.S. at —, 130 S. Ct. at 1178 (emphasis added).

Thus, this Court has considered plaintiff's excessive force claims in light of the "nature of the force–specifically, whether it was nontrivial and 'was applied... maliciously and sadistically to cause harm.'" **Id.**  As noted by one court,

> [a]lthough a plaintiff is no longer required to show that the injury suffered was more than *de minimis*, the seriousness of the injury is not irrelevant. [**Wilkins**, 130 S.Ct. at 1178]. The [Supreme Court in **Wilkins**] reiterated that "[t]he extent of injury suffered by an inmate is one factor that may suggest 'whether the use of force could plausibly have been thought necessary' in a particular situation." **Id.** at 1178 (quoting **Hudson**, 503 U.S. at 7). The Court also suggested that the seriousness of the injury could indicate the amount of force applied and stated that "[a]n inmate who complains of a 'push or shove' that causes no discernible injury almost certainly fails to state a valid excessive force claim." **Id.** (quoting **Hudson**, 503 U.S. at 9).

**Owens v. Harrison**, 2010 WL 2680339, *2-*3 (E.D.N.C. July 6, 2010).

3

After a review of the record, this Court is satisfied that the force used by defendant N. Shultz was not maliciously or sadistically applied to cause harm, but was applied in a good faith effort to maintain or restore discipline.

Specifically, after a *de novo* review of the record, and an *in camera* review of the video of the incident at issue, the Court finds that plaintiff's claims are unsupported. First, the Court notes that based on the testimony of all parties, and based on this Court's review of the video of the incident, the officers involved–including defendant N. Shultz–were subduing another inmate at the time the alleged excessive force occurred. Defendant N. Shultz states in his affidavit that the inmate being subdued had triggered the metal detector and the officers were searching him because he might have a weapon. Plaintiff does not dispute that fact, but states that when he saw the other inmate being subdued he wanted to stay and be a 'witness' to the actions of the officers. Thus, plaintiff does not dispute that at the time he approached the officers, they were engaged in a good faith effort to maintain or restore discipline.

Second, the Court would note that plaintiff's own witness at the disciplinary hearing stated that he did not see anyone throw any punches. (Discipline Hearing Officer Report, [Doc. 51-11) at 2). This Court has reviewed the tape of the incident and finds that witness' testimony accurate. Although the tape is not disposive, the tape first shows defendant N. Schultz warn and then restrain another inmate moments before plaintiff enters the frame; then shows plaintiff approach the officers; defendant N. Schultz give plaintiff a warning; plaintiff move toward defendant N. Schultz; plaintiff refuse to move away from the area; and then shows defendant N. Schultz begin a takedown of plaintiff.

Thus, based on a review of the record and the video, this Court finds that no reasonable juror could find in plaintiff's favor.  In order to do so a juror would have to infer that defendant N. Shultz confronted, then punched plaintiff in the face while gripping handcuffs, all without any provocation.   "While the summary judgment mantra requires us to draw every reasonable inference in favor of the nonmoving party, inferences, to qualify, must flow rationally from the underlying facts; that is, a suggested inference must ascend to what common sense and human experience indicates is an acceptable level of probability." **Nat'l Amusements, Inc. v. Town of Dedham**, 43 F.3d 731, 743 (1st Cir. 1995).  The testimony of the officers, as well as the video itself, show that defendant N. Schultz applied a reasonable amount of force in order to maintain or restore discipline. Additionally, plaintiff's injuries as described in the R & R are consistent with this use of reasonable force, used in a good faith effort to maintain or restore discipline.

The Court notes that whether defendant used excessive force is not <u>*dependent upon*</u> the extent of plaintiff's injuries. **Wilkins**, 130 S.Ct. at 1178. However, even when viewing the facts in the light most favorable to plaintiff, the court cannot reasonably infer that defendant N. Schultz maliciously and sadistically used excessive force upon plaintiff in an attempt to cause him harm. *See e.g.* **McMillan v. Wake County Sheriff's Dept.**, 2010 WL 883016, *4 (E.D.N.C. March 8, 2010) (finding that plaintiff became agitated when being transferred from one holding cell to another and that his *de minimis* injuries were consistent with "the amount of force reasonably necessary to subdue plaintiff in light of this outburst, and inconsistent with the force from a 'malicious' or 'sadistic' beating of plaintiff"), **Owens**, 2010 WL 2680339 at *3 (finding that plaintiff had failed to allege a constitutional violation

5

where plaintiff claimed officers at the jail came into his cell and beat him following an "incident"; where the plaintiff was put in restraints for three hours; where the court had an affidavit of one of the officers stating that he had used the minimal amount of force necessary to put plaintiff in restraints; and where plaintiff presented no evidence that the force was applied "maliciously and sadistically to cause harm."). *But see* **McKinney v. Johnson**, 2010 WL 3463110 *1, (D.S.C. September 2, 2010).

Accordingly, based upon a *de novo* review of the entire record before the Court, this Court finds that the force used was not maliciously or sadistically applied to cause harm, but was applied in a good faith effort to maintain or restore discipline, and therefore not actionable. Thus, plaintiff cannot prevail on his claim of excessive force. Accordingly, plaintiff's objections are overruled. Moreover, the Court, upon an independent *de novo* consideration of all matters now before it, is of the opinion that with the additional analysis set forth above, the Report and Recommendation accurately reflects the law applicable in this case. Therefore, it is

**ORDERED** that Magistrate Judge Seibert's Report and Recommendation Following Remand (Doc. 70) be, and the same hereby is, **ADOPTED**. Accordingly, it is

**ORDERED** that the defendants' Motion to Dismiss or, in the Alternative, Motion for Summary Judgment (Doc. 50) shall be, and the same is hereby, **GRANTED**. It is further

**ORDERED** that plaintiff's claims against USP Hazelton, the Federal Bureau of Prisons, N. Schultz, D. Petrisko, J. Driver, J. Cross, Kim White, Harley Lappin, A. McCormick and A. Mouse shall be, and the same hereby are, **DISMISSED with prejudice**. It is further

**ORDERED** that plaintiff's claims against N. Hoagland and D. Lohr shall be, and the same hereby are, **DISMISSED without prejudice** subject to his right to seek reversal of his disciplinary conviction before filing a *Bivens* complaint against them stemming from the disciplinary hearing. It is further

**ORDERED** that plaintiff's Motion to Dismiss (Doc. 55) shall be, and the same hereby is, **DENIED** as plaintiff is seeking dismissal without prejudice. It is further

**ORDERED** that the Magistrate's Report and Recommendation (Doc. 60) of April 19, 2010, which was remanded by this Court following a change in the law, and mooted by the Magistrate's Report and Recommendation Following Remand, shall be, and the same hereby is, **REJECTED as moot**. It is further

**ORDERED** that plaintiff's Motion to Alter or Amend Magistrate's Report and Recommendation (Doc. 65), shall be, and the same hereby is, **DENIED as moot**. It is further

**ORDERED** that the above-styled action shall be **STRICKEN** from the docket of this Court. It is further

**ORDERED** that the Clerk shall enter judgment for the defendants. It is further

**ORDERED** that, if plaintiff should desire to appeal the decision of this Court, written notice of appeal must be received by the Clerk of this Court within thirty (30) days from the date of the entry of the Judgment Order, pursuant to Rule 4 of the Federal Rules of Appellate Procedure. The $5.00 filing fee for the notice of appeal and the $450.00 docketing fee should also be submitted with the notice of appeal. In the alternative, at the

time the notice of appeal is submitted, the plaintiff may, in accordance with the provisions of Rule 24(a) of the Federal Rules of Appellate Procedure, seek leave to proceed *in forma pauperis* from the United States Court of Appeals for the Fourth Circuit.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to any counsel of record and to mail a copy to the *pro se* plaintiff.

**DATED**: September 23, 2010.

JOHN PRESTON BAILEY
CHIEF UNITED STATES DISTRICT JUDGE